IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  2:19-cr-583 |
| | : | |
| vs. | : | |
| | : | |
| RICARDO TORRES | : | |

**MEMORANDUM**

Defendant Ricardo Torres moves under 18 U.S.C. § 3142 for a pretrial release order "allowing his release and placement on home confinement and electronic monitoring."  First Mot. for Bail 2, ECF No. 35.  Mr. Torres was indicted for violating 18 U.S.C §§ 922(g)(1) and 924(e), possession of a firearm by a felon, with a sentence enhancement under the Armed Career Criminal Act.  The charges stem from a gun that police officers found in Mr. Torres's waistband during a traffic stop.  Mr. Torres has pleaded not guilty and is awaiting trial.  He argues that he should be released because the government cannot meet its burden of proving that he is a flight risk or a danger to the community.  He also cites the COVID-19 pandemic and the BOP's inability to protect inmates from contracting the disease as reasons to release him.  The government opposes his release, arguing that Mr. Torres is a flight risk and a danger to the community, and that COVID-19 alone does not justify his release.  After considering all submissions and holding a detention hearing, I find that the government has proven by a preponderance of the evidence that Mr. Torres poses a flight risk, and that Mr. Torres has not demonstrated any special vulnerability to COVID-19.  I will therefore deny the motion.

**I.** **DISCUSSION**

Under the pretrial release statute, a "judicial officer shall order the detention of the person before trial" if "the judicial officer finds that no condition or combination of conditions will

1

reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  The government normally bears the burden of proving that the defendant should be detained.[1]  *See id.* § 3142(f); *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986).  The standard for proving that the defendant is a danger to the community is higher than the standard for proving that the defendant is a flight risk.  The government must prove by clear and convincing evidence that the defendant is a danger to the community, *see* 18 U.S.C. § 3142(f), or by a preponderance of the evidence that the defendant is a flight risk, *see Himler*, 797 F.2d at 160-61.  If the government fails to prove that no condition or combination of conditions could assure the defendant's appearance and the safety of the community, the statute requires granting pretrial release.

"[I[n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court must consider the following factors:

- **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
- **(2)** the weight of the evidence against the person;
- **(3)** the history and characteristics of the person, including--
    - **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

---

[1] The burden of proof shifts to the defendant only in special circumstances where the statute creates "a rebuttable presumption . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community" or "that no condition or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e)(2)-(3). Mr. Torres argues that there is no such presumption against him because his prior drug convictions do not qualify him as an armed career criminal under the Armed Career Criminal Act. I need not decide whether he qualifies as an armed career criminal, because no such presumption applies against Mr. Torres whether or not he is an armed career criminal under the Act. Nothing in the statute rests the rebuttable presumption of detention on the defendant's status as an armed career criminal. The government does not argue that a presumption of detention applies to Mr. Torres for this or any other reason. In any case, the government has met its burden of showing that Mr. Torres poses a flight risk even without a rebuttable presumption "that no condition or combination of conditions will reasonably assure [his] appearance." *Id.* § 3142(e)(3).

2

>>criminal history, and record concerning appearance at court proceedings; and
>
>>**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Taking these factors into consideration, I find that the government has proven that Mr. Torres's history of failing to appear and forfeiting bail shows that no conditions of release will reasonably assure his appearance. Mr. Torres cites his lifelong residence in Philadelphia, the care he provides for his 9-year-old child, and the availability of home confinement with his girlfriend and child as evidence of his community ties. He also offers to provide testimony that he would have gainful employment on release and to pledge at least one property as surety. But these community ties are outweighed by Mr. Torres's long history of failures to appear. The government cites numerous failures to appear in at least seven different cases from 2008 to 2018. *See* Gov't's Supp. Resp. to Def.'s Mot. 2-6, ECF No. 47. In one 2008 case, Mr. Torres failed to appear five times—including at trial—and forfeited bail four times. *See id.* Ex. A-1 at 5-10, 26, ECF No. 47-1. Mr. Torres testified that he has changed since then, particularly since becoming a father and developing stronger family ties. Unfortunately, he has also failed to appear and forfeited bail as recently as 2013 and 2018. *See id.* Ex. A-14 at 226, 229; *id.* Ex. A-18 at 281, 284. Further, Mr. Torres was on probation and pretrial release for separate charges at the time of his arrest. *See* Resp. to Mot. Ex. A at 38, 50, ECF No. 38-1. His history of noncompliance with court authority leads me to conclude that no combination of conditions of release will assure his presence.

The government has not shown by clear and convincing evidence "that no condition or combination of conditions will reasonably . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). While Mr. Torres is charged with possession of a firearm, his record does

3

not show a history of violence.  Nevertheless, because I "find[] that no condition or combination of conditions will reasonably assure the appearance of the person as required," I must "order the detention of the person before trial."  *Id.*

The COVID-19 pandemic does not provide a basis for granting Mr. Torres pretrial release.  As an initial matter, Mr. Torres moves for release under the general detention standard, § 3142(a).  This subsection only authorizes the court to consider whether conditions of release will assure the defendant's appearance and the safety of the community.  He does not argue that the court should exercise its power under § 3142(i) to "permit the temporary release of the [defendant], in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  In any case, he has not demonstrated such a "compelling reason."  He has not alleged that he has any health conditions or other special vulnerability to COVID-19.  The Third Circuit has advised that "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."  *United States v. Roeder*, No. 20-1682, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020).  Mr. Torres has not demonstrated more.

For the above reasons, I will deny Mr. Torres's motion for pretrial release.


    __S/Anita B. Brody_____
    ANITA B. BRODY, J.
    06-01-2020


Copies **VIA ECF** on  _____