IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 2:19-cr-583** |
| | : | |
| vs. | : | |
| | : | |
| **RICARDO TORRES** | : | |

## MEMORANDUM

Defendant Ricardo Torres again moves under 18 U.S.C. § 3142 for a pretrial release order "allowing his release and placement on home confinement and electronic monitoring." Second Mot. for Bail 2, ECF No. 62. Mr. Torres was indicted for violating 18 U.S.C §§ 922(g)(1) and 924(e), possession of a firearm by a felon, with a sentence enhancement under the Armed Career Criminal Act. The charges stem from a gun that police officers found in Mr. Torres's waistband during a traffic stop. Mr. Torres has pleaded not guilty and is awaiting trial.

In April 2020, Mr. Torres filed his first motion for bail. First Mot. for Bail, ECF No. 35. On June 2, 2020, this Court denied his motion because the government proved by a preponderance of the evidence that Mr. Torres poses a flight risk and that he did not allege any specific vulnerability to COVID-19. Mem. 1, ECF No. 53. On December 11, 2020, he filed a second motion for bail. Second Mot. for Bail, ECF No. 62. He argues that the Court should reconsider its order of detention because Mr. Torres is at increased risk of contracting COVID-19 due to his history of smoking and urinary tract infections. *Id.* at 3. The government opposes his release, arguing that Mr. Torres has not alleged any additional reasons to demonstrate he is not a flight risk and that COVID-19 alone does not justify his release. After considering all submissions, the Court finds that the government has proven by a preponderance of the evidence that Mr. Torres still poses a flight risk and that he has not alleged any specific vulnerability to COVID-19. The Court

1

will therefore deny the motion.

**I.     DISCUSSION**

Under the pretrial release statute, a "judicial officer shall order the detention of the person before trial" if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government normally bears the burden of proving that the defendant should be detained. *See id.* § 3142(f); *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986). The standard for proving that the defendant is a danger to the community is higher than the standard for proving that the defendant is a flight risk. The government must prove by clear and convincing evidence that the defendant is a danger to the community, *see* 18 U.S.C. § 3142(f), or by a preponderance of the evidence that the defendant is a flight risk, *see Himler*, 797 F.2d at 160-61. If the government fails to prove that no condition or combination of conditions could assure the defendant's appearance and the safety of the community, the statute requires granting pretrial release.

"[I[n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court must consider the following factors:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including--
>
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> **(B)** whether, at the time of the current offense or arrest, the person was on

> probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Taking these factors into consideration, the Court finds that the government has again proven that Mr. Torres's history of failing to appear and forfeiting bail shows that no conditions of release will reasonably assure his appearance. As in his first motion, Mr. Torres cites his lifelong residence in Philadelphia, the care he provides for his 9-year-old child, and the availability of home confinement with his girlfriend and child as evidence of his community ties. Second Mot. for Bail 3. He also offers that he would have gainful employment on release and to pledge six properties as surety. *Id.* at 4. These arguments are the same ones raised by Mr. Torres in his first motion. Unfortunately, he fails to provide any additional arguments about his flight risk that would cause the Court to reconsider its first bail decision.

The community ties Mr. Torres does cite are still outweighed by Mr. Torres's long history of failures to appear. The government noted numerous failures to appear in at least seven different cases from 2008 to 2018 in the government's response to Mr. Torres's first motion. *See* Gov't's Supp. Resp. to Def.'s First Mot. 2-6, ECF No. 47. In one 2008 case, Mr. Torres failed to appear five times—including at trial—and forfeited bail four times. *See id.* Ex. A-1 at 5-10, 26, ECF No. 47-1. Mr. Torres argued that he has changed since then, particularly since becoming a father and developing stronger family ties. Second Mot. for Bail 3. Unfortunately, he has also failed to appear and forfeited bail as recently as 2013 and 2018. *See id.* Ex. A-14 at 226, 229; *id.* Ex. A-18 at 281, 284. Further, Mr. Torres was on probation and pretrial release for separate charges at the time of his arrest. *See* Resp. to Mot. Ex. A at 38, 50, ECF No. 38-1. His history of noncompliance with court authority leads the Court to still conclude that no combination of conditions of release

will assure his presence.

The COVID-19 pandemic does not provide a basis for granting Mr. Torres pretrial release. As an initial matter, Mr. Torres again moves for release under the general detention standard, § 3142(a).  This subsection only authorizes the court to consider whether conditions of release will assure the defendant's appearance and the safety of the community.  He does not argue that the court should exercise its power under § 3142(i) to "permit the temporary release of the [defendant], in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  In any case, he has not demonstrated such a "compelling reason."

Mr. Torres argues that he "has had a urinary tract infection since his admission to the detention center and he has been a smoker."  Second Mot. for Bail 3.  The Court takes the COVID-19 pandemic very seriously and is acutely aware of the risks presented to detainees and incarcerated people.  Unfortunately, Mr. Torres has not demonstrated that he is at a heightened risk for the virus.  The Centers for Disease Control does not consider a history of urinary tract infections to be a potential risk factor for COVID-19 and Mr. Torres's medical records indicate no history of smoking.[1]  The Third Circuit has advised that "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."  *United States v. Roeder*, No. 20-1682, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020).  Unfortunately, Mr. Torres has not demonstrated more.

For the above reasons, the Court will deny Mr. Torres's second motion for bail.

---

[1] *See* COVID-19 People with Certain Medical Conditions, Centers for Disease Controls and Prevention (accessed Jan. 19, 2021, updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

4

                                           **S/Anita B. Brody**
                                           ANITA B. BRODY, J.

XC Speedy Trial

Copies **VIA ECF** on _____