IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO. 19-CR-583 |
| | : | |
| RICARDO TORRES, | : | |

## MEMORANDUM

On December 10, 2021, a federal jury convicted Ricardo Torres of one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e). Before me is Mr. Torres's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 or, in the alternative, for a new trial pursuant to Federal Rule of Criminal Procedure 33. Because the evidence was sufficient for a jury to reasonably infer that Torres possessed a gun while aware of his status as a convicted felon, and it is not in the interest of justice to grant a new trial, I will deny both motions.

### I. LEGAL STANDARD

In addressing a Rule 29 motion for acquittal due to insufficiency of the evidence, the court must view the evidence in the light most favorable to the government, and sustain the verdict if any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Smith*, 294 F.3d 473, 478 (3d Cir. 2002). The court's role is not to weigh the evidence or determine the credibility of the witnesses. *Id.* A Rule 33 motion, on the other hand, requires that the court "does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." The court may overturn the jury's verdict and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a).

1

## II. DISCUSSION

Mr. Torres raises four arguments in support of his motion for a judgment of acquittal under Rule 29 or, in the alternative, a new trial under Rule 33. First, he argues that the evidence was insufficient to prove beyond a reasonable doubt that Mr. Torres knew he had been convicted of a crime punishable by more than one year. Second, and relatedly, he argues that a question by the jury about Mr. Torres's required knowledge shows that they were confused by the jury instructions, and their verdict was tainted by that confusion. Third, he argues that the court included a constructive possession instruction in error, which amounted to a constructive amendment of the indictment. Finally, he argues that Detective Kerwin was erroneously permitted to testify as an expert.

### A. A reasonable jury could have concluded that the evidence was sufficient to find Mr. Torres knew he was a felon.

Mr. Torres argues that the jury verdict should be set aside because no reasonable jury could have found that Mr. Torres knew of his prior felony convictions based on the evidence presented. The government presented three certified records of conviction for Mr. Torres' prior felony convictions, showing that Mr. Torres pled guilty to possession with intent to distribute a controlled substance ("PWID") three times in state court. Gov't Exhibit Nos. 15, 18, 21. The court took judicial notice that PWID is a crime punishable by a sentence of more than one year of incarceration. Trial Transcript 12/09/21, at pp. 14-15. At Mr. Torres' state court plea hearings, the defense attorney, prosecutor, and judge certified that Mr. Torres was told and understood the sentence he faced. Gov't Exhibit Nos. 15, 18, 21. Mr. Torres signed the certified records of conviction. *Id.* Although Mr. Torres did not sign any documents that specifically stated his plea was to a felony offense

or that he could face more than a year in prison, a reasonable jury could have found that based on the evidence, Mr. Torres beyond a reasonable doubt knew that at least one of his prior offenses was a felony and that he faced more than a year's term incarceration by pleading guilty.

### B. The jury's unanswered question about Mr. Torres' required knowledge does not taint the verdict.

On the second day of the jury's deliberation, they submitted the following question:

> To Judge Brody, Does the Defendant need to know he was convicted of a "Felony", that is, did he have to hear/know the term "Felony", or did he just need to know that the offense was "Punishable by a term exceeding one year" "The instruction is not clear on this. Page 17 paragraph 1 mentions only the period, while page 18 mentions "Felony".

While the court was hearing arguments from counsel and researching the issue to decide the proper way to answer the question, the jury returned with a verdict of guilty. Mr. Torres argues that the jury cannot have known the correct answer to the question and therefore must have reached a verdict without a proper understanding of the law.

Deciding how to answer the question took significant time because, it must be acknowledged, the question has not been answered explicitly in the Third Circuit. The instruction that the jury noted was unclear is the Third Circuit Model Jury Instruction 6.18.922G-2. The first time the instruction uses the term felony, it states, "a felony, that is, a crime punishable by imprisonment for a term exceeding one year." Third Circuit Model Criminal Jury Instruction 6.18.922G-2. After this instruction, it switches between terms. This distinction is confusing, and Mr. Torres' counsel highlighted the distinction deftly at trial. However, the jury's decision to return with a verdict prior to the court

deciding whether to send a clarifying instruction does not mean the jury's decision is tainted.

Although the Third Circuit has not addressed this question directly, the courts that have addressed it have found that a jury's decision not to await an answer means they resolved the question themselves. *See United States v. Spagnolo*, 546 F.2d 1117, 1119 (4th Cir. 1976) ("The choice was the jury's whether they should await an answer from the court. . . . The jury apparently unanimously resolved not to await any restatement of the instructions. It must be assumed that they had determined that they did not need an answer to their inquiry in order to reach a verdict."); *United States v. Lanni*, 335 F. Supp. 1060, 1084 (E.D. Pa. 1971), *aff'd* 466 F.2d 1102 (3d Cir. 1972) ("[E]ach juror was polled and assented to the guilty verdict. Therefore, we can only conclude that the juror or jurors who sought additional instructions changed their mind about the need for instructions and were able to reach a guilty verdict through further deliberations."). The jury clearly concluded they no longer needed an answer to reach a verdict: perhaps they reread the jury instructions and determined they were clear or decided that no matter the interpretation their verdict would be the same. Regardless, the jury's unanswered question does not require overturning their verdict.

C. **Inclusion of jury instructions on constructive possession was not plain error.**

Mr. Torres argues that the Third Circuit's Model Jury Instructions' inclusion of language defining constructive possession confused the jury and amounted to plain error depriving Mr. Torres of his right to a fair trial. This jury instruction, Mr. Torres argues, constructively amended the indictment to allow for prosecution under two independent theories of liability. The indictment charged that Mr. Torres "knowingly possessed a

firearm" but does not specify whether that possession was actual or constructive. ECF No. 1. A jury may find guilt for possession of a firearm based on actual or constructive possession. *United States v. Hill*, 2013 WL 5785898, at *12 (W.D. Pa. Oct. 23, 2013) ("[T]hat the instructions contain alternate theories of possession does not render the instruction improper."). Mr. Torres assumes that the jury's question number 2, which stated:

> Dear Judge, Would you please provide us with the definition of "possess" as it applies to this case?".

shows that their verdict rested on a theory of constructive possession. If the jury's verdict did, in fact, rest on constructive possession, Mr. Torres would have a strong argument for insufficiency of the evidence. However, the jury did not disclose whether their verdict rested on an actual or constructive theory of possession. "[If] the evidence is insufficient to support a conviction on one alternative theory in a count but sufficient to convict on another alternative theory that was charged to the jury in the same count, then a reviewing court should assume that the jury convicted on the factually sufficient theory and should let the jury verdict stand." *United States v. Syne*, 276 F.3d 131, 144 (3d Cir. 2002). Because the evidence was sufficient to support a jury finding of actual possession, the verdict must stand.

### D. Detective Kerwin's testimony as an expert witness was not improper.

Detective Kerwin was offered by the government as an expert witness to testify to the meaning and contents of Mr. Torres' certified records of conviction, and Mr. Torres argues that he did not qualify as an expert under Rule 702. The Federal Rules of Evidence allow expert testimony only if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). In determining whether an

expert witness is appropriately admitted, "a trial court must evaluate such testimony and make sure it 'rests on a reliable foundation and is relevant to the task at hand.'" *United States v. Davis*, 397 F.3d 173, 178 (3d Cir. 2005) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)). Detective Kerwin primarily testified to the meaning of certain terms in the court documents, as well as his experiences of what occurs at a guilty plea hearing in the Court of Common Pleas. Regardless of whether this testimony would be permissible under Rule 701, the limited scope to which Detective Kerwin testified was appropriate under Rule 702 because it "is not within the common knowledge of the average juror." *Id.* at 179. His expert testimony therefore was not improper. For the reasons stated above, I will deny Mr. Torres' motion for a judgment of acquittal or, in the alternative, for a new trial.

<u>*S/Anita B. Brody*</u>

<u>**May 27, 2022**</u>

Hon. Anita B. Brody, J.

Copies ecf _____ to:         Copies mailed <u>05-27-2022</u> to:

Ricardo Torres, defendant